2004 ME 61

**Mary Jo TAYLOR**

v.

**Eric A. TAYLOR.**

Supreme Judicial Court of Maine.

Argued: April 14, 2004.
Decided: May 7, 2004.

Ronald P. Lebel, Sarah Mitchell (orally), Skelton, Lebel & Abbott, P.A., Auburn, for plaintiff.

Peter C. Cary (orally), Diane Dusini, Mittel Asen, LLC, Portland, for defendant.

Panel: SAUFLEY, C.J., and RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] Mary Jo Taylor appeals from a judgment of the District Court (Portland, *Horton, J.*) dismissing her suit on a promissory note to have been supplied by Eric A. Taylor in accordance with the terms of the couple's divorce judgment. Mary contends that the court erred in concluding that her exclusive remedy was a motion for post-judgment relief pursuant to Maine Rule of Civil Procedure 80(k).[1] We affirm the judgment.[2]

[¶ 2] The terms of the parties' divorce judgment require Eric to issue to Mary a promissory note in the amount of $112,500 in exchange for Mary's interest in the couple's business. Mary's attorney drafted such a note, and when Eric refused to sign it, Mary brought an action to accelerate payments in accordance with the terms of the unsigned note and moved for attachment and trustee process. When the court dismissed her complaint, Mary brought this appeal.

[¶ 3] Mary contends that she is entitled to bring a collection action on the "note" pursuant to 4 M.R.S.A. § 152(2) & (5)(P) (Supp.2003), and that Rule 80(k) does not divest her of the right to pursue a contract claim in the District Court. Assuming that Mary could bring a collection action to enforce a note issued in accordance with a divorce decree, here the promissory note does not exist. The appropriate procedure is to seek post-judgment relief to enforce the divorce judgment by establishing the terms of the note and either compelling Eric to sign it or causing it to be enforced against him.

The entry is:

Judgment affirmed.

---

1. Rule 80(k) states, in pertinent part: "Any proceedings for modification or enforcement of the judgment in [a divorce action] shall be on motion for post-judgment relief." M.R. Civ. P. 80(k)(1).

2. Mary also contends that the court erred in vacating an order approving attachment and trustee process, and in denying her motion to modify the judgment. Because we agree with the District Court on the merits of Mary's complaint, we do not address her ancillary motions.